IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

|  |  |  |
|---|---|---|
| ERIC B. FROMER CHIROPRACTIC, INC., | * | |
| Plaintiff, | * | Case No.: GJH-17-3801 |
| v. | * | |
| INOVALON HOLDINGS, INC., *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

Plaintiff Eric B. Fromer Chiropractic, Inc., ("Fromer") on behalf of itself and others similarly situated, brings this putative class action against Defendants Inovalon Holdings, Inc., Inovalon, Inc., and Inovalon SME, LLC (collectively, "Inovalon"), alleging that Defendants sent Plaintiff an unsolicited advertisement via facsimile transmission in violation of the Telephone Consumer Protection Act of 1991 ("TCPA"), as amended by the Junk Fax Prevention Act of 2005, 47 U.S.C. § 227. ECF No. 1. Pending before the Court is Plaintiff's Motion to Lift Stay. ECF No. 38. No hearing is necessary. See Loc. R. 105.6 (D. Md. 2021). For the following reasons, Plaintiff's Motion to Lift Stay is denied, and the case remains stayed pending resolution of Defendants' Petition for Expedited Declaratory Ruling, which is presently pending before the Federal Communications Commission ("FCC"), ECF No. 22-4.

As described in greater detail in the Court's prior Memorandum Opinion, *see* ECF No. 30, the TCPA makes it unlawful to send an "unsolicited advertisement" by fax unless 1) the unsolicited advertisement is from a sender with an established business relationship with the recipient, 2) the sender obtained the recipient's fax number through either voluntary

communication or public distribution of the recipient's number, and 3) the unsolicited advertisement contains an opt-out notice. *See* 47 U.S.C. § 227(b)(1)(C); *id.* § 227(b)(2)(D). The TCPA defines "unsolicited advertisement" as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise." *Id.* § 227(a)(5). On or about November 14, 2017, Defendants sent an unsolicited facsimile transmission ("the Fax") to Plaintiff, offering free access to Inovalon's electronic record retrieval system. ECF No. 1 ¶ 12; *see also* ECF No. 1-1 (copy of the Fax). Plaintiff alleges that the Fax was unsolicited and lacked the requisite opt-out notice. ECF No. 1 ¶¶ 14–15. According to Plaintiff, Defendants have faxed the same, or a similar, unsolicited fax in violation of the TCPA to at least 40 other recipients without first obtaining the recipient's express invitation or permission. *Id.* ¶ 15.

Plaintiff filed its putative class action on December 26, 2017. ECF No. 1. On February 19, 2018, Defendants filed a petition with the FCC seeking an expedited declaratory ruling that, because Inovalon does not sell the products or services mentioned in the Fax to recipients of the Fax, the Fax was not an "unauthorized advertisement" otherwise prohibited by the TCPA. *See* ECF No. 22-4 (*In re Inovalon, Inc.'s Pet. for Expedited Declaratory Ruling*, CG Docket No. 02-278 (FCC Feb. 19, 2018)). In its Petition, Defendants ask the FCC to declare:

1. Faxes sent by a health insurance plan's designee to a patient's medical provider, pursuant to an established business relationship between the health plan and provider, requesting patient medical records are not advertisements under the TCPA; and

2. Faxes that offer the free collection and/or digitization of patient medical records, and which do not offer any commercially available product or service to the recipients are not advertisements under the TCPA.

*Id.* at 4.

On the same day Defendants filed their Petition, February 19, 2018, they filed a Motion to Dismiss in this Court, arguing Plaintiff lacked standing to bring the action and that Plaintiff failed to state a claim for relief. ECF No. 22. Defendants also requested, in the alternative, a stay pending resolution of their FCC Petition for Expedited Declaratory Ruling. *See id.* The Court rejected both arguments for dismissal and denied Defendants' Motion to Dismiss but granted Defendants' alternate request for a stay. ECF No. 30. The Court analyzed the request for stay under the doctrine of primary jurisdiction, which "is a doctrine specifically applicable to claims properly cognizable in court that contain some issue within the special competence of an administrative agency. It requires the court to enable a 'referral' to the agency, staying further proceedings so as to give the parties reasonable opportunity to seek an administrative ruling." *Reiter v. Cooper*, 507 U.S. 258, 268 (1993). The Court followed the four-factor test for determining whether a stay was appropriate under the doctrine—(1) whether the question at issue is within the conventional experience of judges or it is within the agency's particular field of expertise; (2) whether the question at issue is particularly within the agency's discretion; (3) whether there exists a substantial danger of inconsistent rulings; and (4) whether a prior application to the agency has been made—and found a stay was appropriate, particularly relying on the latter two factors and noting that the FCC's decision could speak to whether the Fax was a permissible information-only transmission or an "unsolicited advertisement." *See id.* at 12–13 (citing *Cent. Tel. Co. of Va. v. Sprint Communications Co. of Va. Inc.*, 759 F. Supp. 2d 772, 786 (E.D. Va. 2011) *aff'd* 715 F.3d 501 (4th Cir. 2013) *cert. denied* 571 U.S. 969 (2013)).

On February 5, 2021, after the stay had been in place for 29 months, Plaintiff moved to lift the stay. ECF No. 38. Defendants opposed Plaintiff's motion on March 5, 2021, ECF No. 39, and Plaintiff replied on March 19, 2020, ECF No. 41.

Plaintiff asserts two bases for lifting the stay: (1) that the length of the stay prevents Plaintiff from conducting necessary discovery and from obtaining a "speedy" determination; and (2) the Fourth Circuit's decision in *Carlton & Harris Chiropractic, Inc. v. PDR Network, LLC*, 982 F.3d 258, 264 (4th Cir. Dec. 7, 2020), means this Court is no longer bound by the FCC's determination. *See* ECF No. 38-1 at 5–6. The Court will address these arguments in inverse order.

First, in December 2020, the Fourth Circuit indeed determined that a 2006 FCC Rule[1] interpreting the meaning of "unsolicited advertisement" within the TCPA was not binding on district courts, as it had not gone through the notice and comment process and was thus an interpretive, rather than legislative, rule. *See PDR Network, LLC*, 982 F.3d at 263. However, for the reasons recently outlined by Judge Childs of the U.S. District Court for the District of South Carolina, a declaratory ruling issued by the FCC's Consumer and Government Affairs Bureau ("CGAB"), as is anticipated in this case, is a legislative rule, and thus *PDR Network, LLC*, does not apply. *See Career Counseling, Inc. v. Amerifactors Fin. Grp., LLC*, No. 3:16-CV-03013-JMC, 2021 WL 3022677, at *9 & n.8 (D.S.C. July 16, 2021).[2] Accordingly, the Fourth Circuit's decision in *PDR Network, LLC*, does not change the applicable law guiding the Court's decision

---

[1] *See* Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991; Junk Fax Prevention Act of 2005, 71 Fed. Reg. 25,967, 25,973 (May 3, 2006).

[2] The CGAB's declaratory rulings are entitled to Hobbs Act deference, *Career Counseling, Inc.*, 2021 WL 3022677, at *10, meaning "a district court must afford FCC final orders deference and may only consider whether the alleged action violates FCC rules or regulations," *id.* at *8 (quoting *Murphy v. DCI Biologicals Orlando, LLC*, 797 F.3d 1302, 1307 (11th Cir. 2015)).

to issue a stay and does not warrant lifting it. Moreover, the Court's decision to issue a stay was not based on whether the FCC's interpretation was binding, but instead on the risk of inconsistent rulings given Defendants' pending Petition for Expedited Declaratory Ruling. Those considerations remain unchanged.

      Second, regarding the length of delay, the Court does not, at this time, find there to be an imminent need to lift the stay to avoid prejudice to Plaintiff. As Plaintiff argued in his initial briefing concerning the stay, *see* ECF No. 23 at 19, FCC proceedings can be slow, and stays can remain in place for years.[3] *See, e.g., Sw. Bell Tel., L.P. v. Vartec Telecom, Inc.*, No. 4:04-CV-1303 (CEJ), 2008 WL 4948475, at *2 (E.D. Mo. Nov. 10, 2008) (denying Motion to Vacate Stay in place for more than three years); *Cox Oklahoma Telcom, L.L.C. v. Corp. Comm'n of State of Oklahoma*, No. CIV-04-1282-M, 2007 WL 895227, at *2 (W.D. Okla. Mar. 22, 2007) (denying Motion to Vacate Stay in place for more than two years); *see also Comprehensive Health Care Sys. of the Palm Beaches, Inc. v. M3 USA Corp.*, No. 9:16-cv-80967, Order on Mot. to Lift Stay, ECF No. 120 (S.D. Fla. Nov. 9, 2018) (denying Motion to Lift Stay filed more than a year after issuing the stay, leaving stay in place until the present, more than 3.5 years after it was entered). Moreover, Defendants' Petition remains under "active consideration." *See* ECF No. 40. Nevertheless, the Court is concerned that Defendants' expectations, articulated in their briefing in support of the Motion for Stay, that the FCC would reach a decision expeditiously have not borne out. *See* ECF No. 27 at 11 ("[T]here is every reason to believe that the FCC will act quickly upon Inovalon's petition[.]"). The Court, like others to confront the question, will not set a deadline at this time for when the stay will have stretched on too long. *See M3 USA Corp.*, No.

---

[3] Moreover, unlike stays issued under a Court's inherent authority, stays entered on the basis of primary jurisdiction "often are of indefinite length and are not inherently unlawful." *Cox Oklahoma Telcom, L.L.C. v. Corp. Comm'n of State of Oklahoma*, No. CIV-04-1282-M, 2007 WL 895227, at *2 (W.D. Okla. Mar. 22, 2007).

9:16-cv-80967, ECF No. 120 ("In the alternative, Plaintiffs request that the Court impose an outer limit upon the duration of the stay. At this time, the Court declines to do so, and will continue to review the parties' status reports to determine the ongoing propriety of the stay in this case."). However, the Court will require that the parties submit joint status reports every three months to keep the Court apprised of any developments.

Accordingly, it is hereby ordered by the United States District Court for the District of Maryland that:

1. Plaintiff's Motion to Lift Stay, ECF No. 38, is **DENIED**; and

2. The parties **SHALL FILE** a joint status report within three months of the entry of this order and every three months after, as long as the stay is in place.

Date: <u>August 16, 2021</u>                           \_\_\_\_/s/_____
                                                                          GEORGE J. HAZEL
                                                                          United States District Judge